GRAND ISLAND BAKING COMPANY, APPELLEE, V. WAYNE C. FRANTZ, APPELLEE: O. M. OLSEN, COMMISSIONER OF LABOR OF THE STATE OF NEBRASKA, APPELLANT.

4 N. W. (2d) 921

FILED JULY 17, 1942. No. 31437.

*John E. Sidner* and *Ray W. McNamara,* for appellant.

*Lloyd W. Kelly, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ., and ELLIS, District Judge.

CARTER, J.

This is an appeal from a judgment of the district court for Hall county awarding benefits under the unemployment compensation law.

The claimant, Wayne C. Frantz, was employed by the Grand Island Baking Company as a truck driver and route salesman. He was authorized to extend credit to new customers for three days, within which period the company furnished the credit rating to which the customer was entitled. Extensions of credit in excess of the company's authorization were at the risk of the employee. Merchandise was checked out and in each day, and a daily record kept of the sales made by each route salesman.

It appears that on December 18, 1940, claimant extended credit to one P. Sorahan, 522 East Division, and failed to advise the company and obtain a credit rating thereon. On January 11, 1941, the account reached the sum of $6.20, and deliveries were discontinued. During a brief illness another salesman performed claimant's work, and as a result the P. Sorahan account was discovered in the back of claimant's route book and that there was no P. Sorahan at the address given. Upon his return to work claimant was advised that the manager desired to see him, whereupon he quit his job on the assumption that he was about to be fired.

The employer contended that claimant's misconduct was gross, flagrant, wilful, or unlawful and that claimant's wage credits should, under the unemployment compensation statute, be canceled. The trial court found that claimant voluntarily quit his employment to avoid discharge for having extended unauthorized credit and that the misconduct shown was not gross, flagrant, wilful, or unlawful. The court thereupon awarded benefits for the period commencing after

the first five weeks of unemployment and for a period not exceeding eleven weeks.

The record sustains the finding of the trial court that claimant quit his employment to avoid being discharged for extending unauthorized credit to a customer and that it had not been established that the misconduct was gross, flagrant, wilful, or unlawful. No fault is found with the trial court's judgment in allowing benefits for a period commencing after the first five weeks of unemployment. The limitation of benefits to a period not exceeding eleven weeks is assailed, however, as contrary to the statute and the result of an incorrect interpretation thereof.

Applicable provisions of the unemployment compensation act are as follows: "(d) Duration of Benefits. Any otherwise eligible individual shall be entitled during any benefit year to a total amount of benefits equal to whichever is the lesser of (1) sixteen times his benefit amount, and (2) one-third of the wages for insured work paid during his base period * * * ." Comp. St. Supp. 1941, sec. 48-703.

"Disqualifying Conditions. An individual shall be disqualified for benefits: * * * (b) For the week in which he has been discharged for misconduct connected with his work, if so found by the commissioner, and for not more than the five weeks which immediately follow such week, as determined by the commissioner in each case according to the seriousness of the misconduct: Provided, that if the commissioner finds that such individual's misconduct was gross, flagrant and wilful, or was unlawful, the commissioner shall totally disqualify such individual from receiving benefits with respect to wage credits earned prior to such misconduct * * * ." Comp. St. Supp. 1941, sec. 48-705.

It will be noted in that part of section 48-703, Comp. St. Supp. 1941, which we have quoted, that the benefits to be received are limited only in the amount to be received in any benefit year. Where an employee is discharged for misconduct, as in the case at bar, a disqualifying condition is interposed by section 48-705 (b). The effect of this disqualification is not that the amount of benefits which he may re-

ceive in any benefit year is reduced, but that the commencement of benefit payments is deferred for an additional period not exceeding five weeks. There is clearly no intent to reduce the maximum amount of benefits to be received in a benefit year in a case of ordinary misconduct as is provided where the misconduct was found to be gross, flagrant and wilful, or was unlawful. We conclude therefore that the disqualification for ordinary misconduct consists of a deferment of benefits for a number of weeks, not exceeding five, in addition to the normal waiting period, after which the payment of maximum benefits is to begin.

The wording of the statute is undoubtedly based on the assumption that unemployment resulting from the fault of the employee cannot be attributed indefinitely to the individual. It is assumed therefore that, after an additional waiting time, the continued unemployment is due to a want of jobs. Consequently, if continued unemployment after the additional waiting time has passed is not to be attributed to the employee, no sound reason exists why he should not receive the same benefits as an employee not subject to disqualifying conditions.

We think the trial court was in error in limiting the maximum benefits to eleven weeks following the additional waiting time of five weeks. Claimant is entitled to maximum benefits for sixteen weeks after the additional waiting time of five weeks has elapsed. In all other respects the judgment is correct. The judgment of the district court is hereby modified in accordance with this opinion.

AFFIRMED AS MODIFIED.